# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re:                                              Chapter: 13

Kalid S Jama,                                       Case No.: 20-00249

Debtor.                                             Judge: David D. Cleary

## NOTICE OF MOTION

To: See Certificate of Service

On **February 13, 2020,** at **11:00 a.m.**, I shall appear at 219 S. Dearborn St., Room 644, and present, **INDEPENDENCE TOWING & RECOVERY, INC.'S OBJECTION AND MOTION TO QUASH RULE TO SHOW CAUSE AND SERVICE OF MOTION AND TO DISMISS DEBTOR'S MOTION AND IN THE ALTERNATIVE ANSWER TO PETITION FOR RULE**

By: /s/Anamaria F. Rivero
Attorney for Debtor

Thomas T Boundas
Anamaria F. Rivero
Thomas T. Boundas & Associates
6428 Joliet Rd., Ste. 204
Countryside, IL 60525
708-352-4400
tboundas@boundaslaw.com

## CERTIFICATE OF SERVICE

I, an attorney, certify that on **February 3, 2020**, I caused to be served **this Notice and the above-referenced document** as follows:

(1) on the Trustee and all counsel of record, by using this Court's CM/ECF system, by filing the Motion on February 3, 2020;

(2) by mailing the same to the debtor, addressed to the Debtor at the below-listed address, with proper postage prepaid, by tendering to the USPS postmaster at or before 5:00 pm:
9904 S Wallace
Chicago, IL 60628

| In re: | Chapter **13** |
|---|---|
| **Kalid Jama,** | Case No.: **20 B 00249** |
| **Debtor.** | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**INDEPENDENCE TOWING & RECOVERY, INC.'S OBJECTION AND MOTION TO QUASH RULE TO SHOW CAUSE AND SERVICE OF MOTION AND TO DISMISS DEBTOR'S MOTION AND IN THE ALTERNATIVE ANSWER TO PETITION FOR RULE**

Independence Towing & Recovery, Inc. ("Independence Towing"), a third-party to this action, by its attorneys, Thomas T. Boundas & Associates, moves this Honorable Court to Quash the Rule to Show Cause issued against it on January 13, 2020 quash alleged service of underlying Motion, and to dismiss, with prejudice, the Debtor's Order on Rule to show cause and for Turnover, entered January 27, 2020 and in support of its Motion, states:

**I.. THIS COURT LACKS PERSONAL JURISDICTION OVER INDEPENDENCE TOWING BECAUSE IT HAS NOT BEEN PROPERLY SERVED WITH THE PETITION OR RULE**

This Court lacks personal jurisdiction over Independence Towing, because Debtor failed to properly serve it with either its Motion or the Rule.

Federal Rule of Bankruptcy Procedure 9020 states, "Rule 9014 governs a motion for an order of contempt." In turn, Rule 9014(b) requires that any contested motion "shall be served in the manner provided for service of a complaint by Rule 7004." Rule 7004 refers to Federal Rule of Civil Procedure 4, which requires issuance of a summons, and requires "[a] summons must be served with a copy of the complaint." F.R.C.P. 4(c)(1). Thus, a party filing a motion for contempt must also have a summons issued, and serve the alleged contemnor with both the motion and a summons.

Here, Debtor failed to ever have any summons issued to Independence Towing. As such, Independence Towing is not properly before this Court. Because the Debtor failed to properly serve his Motion, this Court never obtained jurisdiction over Independence Towing and the Rule issued and Order on Rule issued are both void. As such, this Court must quash the Rule and Debtor's alleged service of the Motion.

**CONCLUSION**

Here, this Court lacks personal jurisdiction, because Debtor attempted to circumvent the rules by failing to issue or serve a summons on Independence Towing. Debtor cannot cure the jurisdiction issues, even upon amendment or refiling. Thus, this Court must dismiss Debtor's Motion with prejudice, and must quash both the Rule and service of the Motion.

WHEREFORE, Independence Towing & Recovery, Inc., respectfully requests that this Honorable Court:

(1) Dismiss the Debtor's Motion with prejudice;

(2) Quash the Rule to Show Cause and Order;

(3) Quash purported service of the Motion; and,

(4) Grant any other just and equitable relief.

**ANSWER TO PETITION FOR RULE IN THE ALTERNATIVE**

Independence Towing & Recovery, Inc. ("Independence Towing"), a third-party to this action, by its attorneys, Thomas T. Boundas & Associates, answers the Petition for Rule to Show Cause and in support of its Motion, states:

1. **ANSWER: INDEPENDENCE denies the allegations as the vehicle was towed from Cass Avenue and Chestnut in unincorporated DuPage county.**

2. **ANSWER: Admit.**

3. **ANSWER: Admit a petition was filed in case number 19 B 35595 and notice was given in that case, but denies notice being given in the current case and that the petition for Rule was filed under the old case number 19 B 35595, but the Order was entered in this case.**

4. **ANSWER: Admit the case is pending but denies jurisdiction see Count I herein and answer to Number 3.**

5. **ANSWER: Admit, but neither admits nor denies it has ever been named a creditor in the current case.**

6. **ANSWER: INDEPENDENCE denies that it is under a duty to return the vehicle as the vehicle was towed at the request of the DuPage County Sheriff, due to an arrest of Debtor and that Independence cannot release the vehicle until directed in writing from the DuPage County Sheriff, that Debtor the day before filing this Bankruptcy had contacted the DuPage County Sheriff and the Sheriff in turn, contacted Independence instructing Independence that the vehicle could be released upon the debtor showing up with the release from the Sheriff and $900.00 which was negotiated with the Sheriff, not Independence. In addition, they instructed Independence that due to certain constraints on the vehicle the vehicle could not be driven off the lot but had to be towed.**

7. **ANSWER: INDEPENDENCE admits the listing but states that the vehicle is being held, technically by the DuPage County Sheriff.**

8. **ANSWER: Denies.**

9. **ANSWER: On information and belief that on the date of seizure the vehicle was not in debtors name and he had no interest in the vehicle. As to the legal conclusions of the recitation of case law no answer is required.**

10. **ANSWER: On information and belief that on the date of seizure the vehicle was not in debtors name and he had no interest in the vehicle. As to the legal**

conclusions of the recitation of case law no answer is required.

11.     **ANSWER: On information and belief that on the date of seizure the vehicle was not in debtors name and he had no interest in the vehicle.  As to the legal conclusions of the recitation of case law no answer is required.**

12.     **ANSWER: On information and belief that on the date of seizure the vehicle was not in debtors name and he had no interest in the vehicle.  As to the legal conclusions of the recitation of case law no answer is required.**

13.     **ANSWER: On information and belief that on the date of seizure the vehicle was not in debtors name and he had no interest in the vehicle.  As to the legal conclusions of the recitation of case law no answer is required.**

14.     **ANSWER: On information and belief that on the date of seizure the vehicle was not in debtors name and he had no interest in the vehicle.  As to the legal conclusions of the recitation of case law no answer is required.**

    Respectfully Submitted,
Independence Towing & Recovery, Inc.

By: /s/Thomas Boundas
THOMAS T. BOUNDAS & ASSOCIATES

Thomas Boundas
THOMAS T. BOUNDAS & ASSOCIATES
6428 Joliet Road, Suite 204
Countryside, IL 60525
630. 235. 5825 phone
tboundas@boundaslaw.com