IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 20-00249 |
| | ) |
| **KALID S. JAMA,** | ) Chapter 13 |
| | ) |
| Debtor, | ) Honorable Judge David D. Cleary |

## NOTICE OF FILING

To:    See Attached Service List

Please take notice that on February 10, 2020, we filed with the Clerk of the United States Bankruptcy Court the following document, a copy of which is served upon you herewith: Amended Motion of RANAC, INC. for Relief from Automatic Stay.

_____
Attorney for Movant

## CERTIFICATE OF SERVICE

Under penalties of perjury, I hereby certify that a true and correct copy of this Notice and the items referred to herein was served upon the above named persons at their above given addresses by first class mail (**) or electronically vis the Court's electronic notification sysyem (#) on February 10, 2020.

_____

TIMOTHY L. ROWELLS, ARDC#3123596
STARR, BEJGIERT, ZINK & ROWELLS
Attorneys for Movant Landlord
35 East Wacker Drive
Suite 1870
Chicago, IL 60601
(312) 346-9420
sbzrlaw@gmail.com

SERVICE LIST

Kalid S. Jama (**)
9904 S. Wallace Street
Chicago, IL 60637

Marilyn O. Marshall
CHAPTER 13 TRUSTEE
courtdocs@chi13.com

Patrick S. Layng
U.S. TRUSTEE
USTPRegion 1.ES.ECF@usdoj.gov

Independence Towing & Recovery, Inc. (**)
28 E. Quincy
Westmont, IL 60559

Thomas T. Boundas, Reg. Agent (**)
Independence Towing & Recovery, Inc.
6428 Joliet Road, #105
Countryside, IL 60525

Dennis Radwanski, President (**)
Independence Towing & Recovery, Inc.
P.O. Box 99
Westmont, IL 60559

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 20-00249 |
| | ) |
| **KALID S. JAMA,** | ) Chapter 13 |
| | ) |
| Debtor, | ) Honorable Judge David D. Cleary |

## AMENDED MOTION TO MODIFY AUTOMATIC STAY

RANAC, INC., (Landlord), by its Attorneys, STARR, BEJGIERT, ZINK & ROWELLS, and amends its motion that the Automatic Stay be modified to permit it to proceed with an eviction proceeding against the Debtor **KALID S. JAMA** to regain possession of Movant's property at 9904 S. Wallace Street, Chicago, IL. In support of this Motion Movant states as follows:

1. On January 6, 2020, the Debtor filed the instant case as one under Chapter 13 of the United States Bankruptcy Code. The Debtor's Chapter 13 Plan has not been confirmed.

2. Debtor is one of the Lessees of a lease for certain residential real property located at 9904 S. Wallace Street, Chicago, IL (the Premises) from Landlord pursuant to a lease agreement. While the Debtor scheduled Movant as a creditor, he has not scheduled this as an unexpired lease agreement on Schedule G of his Bankruptcy schedules, and in fact has filed Schedule G in blank.

3. Debtor had previously filed a Chapter 13 case as Case No. 19-35595. That case was dismissed on the Trustee's motion on January 6, 2020. The Debtor filed the instant case on that very day. In the first case, the Debtor did not schedule the lease on Schedule g of his Bankruptcy Schedules and did not indicate whether he intended to reaffirm said lease.

4. Debtor has failed to pay the rent for October through December, 2019. Movant, by one of its agents, served Debtor with a Landlord's Five-Days' Notice on November 16, 2019. A copy of this Notice is attached hereto as Exhibit A.

5. The Debtor failed to tender the rent claimed in the Notice and a suit for forcible entry and detainer was filed in the Circuit Court of Cook County on January 3, 2020 as Case No. 2020 M1-M1-700072. A copy of the Complaint is attached hereto as Exhibit B . The Debtor has not yet been served with Summons.

6. Sometime before the return day of January 21, 2020 Movant received notice of the instant Chapter 13 case. The Movant had no knowledge of the existence of the instant case until after it filed its eviction action.

7. The Debtor has also failed to pay the pre-petition rent for January, 2020 in the amount of $1,400.00. As of the date of the filing of this Amended Motion, the Debtor has failed to pay post-petition rent for February, 2020 in the amount of $1,400.00. The Debtor is now delinquent in pre and post-petition rent in the amount of $7,000.00. The post-petition rent cannot be part of any reorganization plan.

8. The Debtor has no equity interest in the subject premises and the same is not essential to effective reorganization.

9. Section 1107 of the Bankruptcy Code states that a debtor-in-possession shall perform the duties of a trustee.

10. 11 U.S.C. 365 (b)(1) provides that in the event of a default of an executory contract or unexpired lease, such as in the instant case, the Trustee in Bankruptcy may not assume the contract or lease unless the default is promptly cured and otherwise compensates any party to the contract or lease other than the debtor for any actual pecuniary loss. If the Trustee elects not to assume the lease, possession must be promptly surrendered or assurances given that it will be surrendered. Movant requests relief from the Automatic Stay to permit it to continue with eviction proceedings against the Debtor and to regain possession of its Property.

11. Movant requests that Bankruptcy Rule 4001(a)(3) not apply to any Order granting this Motion.

WHEREFORE, Landlord respectfully requests that this Court enter an Order:

A. Movant requests the automatic stay be modified to permit Landlord to continue with forcible entry and detainer proceedings in the Circuit Court of Cook County;

B. Granting to Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

C. Holding that Bankruptcy Rule 4001(a)(3) shall not apply to any Order granting this Motion.

_____
Attorney for Movant Landlord

TIMOTHY L. ROWELLS, ARDC#3123596
STARR, BEJGIERT, ZINK & ROWELLS
Attorneys for Movant Landlord
35 East Wacker Drive
Suite 1870
Chicago, IL 60601
(312) 346-9420