IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 20-00249 |
| | ) |
| **KALID S. JAMA,** | ) Chapter 7 |
| | ) |
| Debtor, | ) Honorable Judge David D. Cleary |

## RESPONSE TO DEBTOR'S AMENDED MOTION FOR ORDER OF CIVIL CONTEMPT AND FOR SANCTIONS AND DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY

Now comes RANAC, INC., Respondent herein, by its Attorneys, STARR, BEJGIERT, ZINK & ROWELLS, and for its Response to the Amended Motion of Debtor for and Order of Civil Contempt and for Sanction and Damages for violation of the Automatic Stay states:

1. Respondent admits that Debtor filed a Chapter 13 case, but states further that according to the Docket, said case was filed December 18, 2019 as case No. 19-35595

2. The name of RANAC, INC. appears on the list of creditors, a copy of which is attached hereto. However, it was in the name of its principal, Robert Tchorz and gives an incorrect address. Respondent states that the name of Robert Tchorz and his correct address also appears thereon. Respondent is puzzled how this listing could be since Schedule G of Debtor's Chapter 13 case regarding Executory Contract and Unexpired Leases is totally blank. Copies of that Schedule G is likewise attached hereto and made a part hereof.

3. Respondent admits that the filing of a bankruptcy case operates as a stay of commencement of proceedings against the Debtor.

4. Respondent admits the allegations of paragraph 4 of Debtor's motion.

5. Case 19-35595 was indeed dismissed on January 6, 2020 as a result of several glaring deficiencies in Debtor's pleadings and filings. The Debtor then filed the instant case that very day. As a result of the dismissal, the automatic stay for case 19-35595 ceased to exist and any actions filed against Debtor were in full force and effect.

6. Debtor's position in paragraph 6 of his motion is perplexing. He contends that Respondent's service of the Landlord's Five Days' Notice on November 16, 2019, almost a full month before he filed Case No. 19-35595 somehow violated the automatic stay which had yet to exist. The service of the Landlord's Five Days' Notice did not violate the automatic stay either in the 2019 case or the instant case.

7. Respondent did file its forcible entry and detainer (Eviction) case on January 3,

2020. It was impossible for Respondent to have received notice from the Clerk of the United States Bankruptcy Court before Debtor filed the instant case. Upon being informed that the Debtor had filed the 2020 case Respondent brought its motion for relief from the stay, which motion was allowed on April 8, 2020.

      8. Respondent's eviction case was filed just 3 days before Debtor's 2019 bankruptcy case was dismissed for reasons the Debtor brought upon himself. The eviction case had nothing to do with the Debtor's case being dismissed. There is no possible was that the Debtor was or could have been damaged by the filing of the eviction case.

      9. Respondent admits that it filed its eviction action on January 3, 2020, but denies vehemently that it had actual notice of the 2019 bankruptcy proceeding or that Debtor has been damaged in any way.

      10. Respondent's response to paragraph 10 is the same as its response to paragraph 8 above.

      11. Respondent denies that its action had anything to do with the damages allegedly suffered by Debtor. The Debtor only came to the Bankruptcy Court to file Case No. 19-35595 and any documents thereto. Debtor brought a similar motion against a company that towed his car, but no motion against Respondent. Debtor did nothing with regard to Respondent while the 2019 bankruptcy case was pending.

      12. Lastly, with the allowing of Respondent's motion for relief from the stay in the instant case, Debtor's motion is moot. The Court has ruled that the Respondent acted properly within the context of the instant case.

      WHEREFORE, Respondent respectfully requests that Debtor's Amended Motion for an Order of Civil Contempt and for Sanction and Damages for violation of the Automatic Stay be denied with prejudice.

                                          /s/ Timothy L. Rowells
                                      Attorney for Respondent RANAC, INC.

TIMOTHY L. ROWELLS, ARDC#3123596
STARR, BEJGIERT, ZINK & ROWELLS
Attorneys for Respondent RANAC, INC.
35 East Wacker Drive
Suite 1870
Chicago, IL 60601
(312) 346-9420